**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br><br>  v.<br><br>SEYED TAHER KAMELI, et al.<br><br>  Defendants. | No. 17-cv-4686<br><br>Judge Franklin U. Valderrama |

**FINAL JUDGMENT AS TO DEFENDANTS SEYED TAHER KAMELI, CHICAGOLAND FOREIGN INVESTMENT GROUP, LLC, AND AMERICAN ENTERPRISE PIONEERS, INC., AND RELIEF DEFENDANTS BRIGHT OAKS PLATINUM PORTFOLIO, LLC, PLATINUM REAL ESTATE AND PROPERTY INVESTMENTS, INC., AND BRIGHT OAKS DEVELOPMENT, INC.**

The Securities and Exchange Commission having filed a Second Amended Complaint, R. 192, and Defendants Seyed Taher Kameli (Kameli), Chicagoland Foreign Investment Group, LLC, and American Enterprise Pioneers, Inc. (collectively, Defendants) and Relief Defendants Bright Oaks Platinum Portfolio, LLC, Platinum Real Estate and Property Investments, Inc., and Bright Oaks Development, Inc. (collectively, Relief Defendants) having entered general appearances; consented to the Court's jurisdiction over Defendants and Relief Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Second Amended Complaint, R. 192 (except as to jurisdiction and except as otherwise provided herein as to Defendant Kameli in section VI below); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

1

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the Exchange Act) [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with Defendants' officers, agents, servants, employees, and attorneys.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the Securities Act) [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails,

directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with Defendants' officers, agents, servants, employees, and attorneys.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Relief Defendants are liable, jointly and severally, for disgorgement of $1,172,000.00, together with prejudgment interest thereon in the amount of $108,161.76 (except that Relief Defendant Bright Oaks Development, Inc. shall only be liable for $745,000.00 out of the total $1,172,000.00 disgorgement amount and shall only be liable for $68,754.70 out of the total $108,161.76 prejudgment interest amount) pursuant to 15 U.S.C. § 78u(d)(5) and Sections 6501(a)(1) and (a)(3) of the National Defense Authorization Act for Fiscal Year 2021, Pub. L. No. 116-283, to be codified at Sections 21(d)(3) and 21(d)(7) of the Exchange Act, 15 U.S.C. §§ 78u(d)(3) and 78u(d)(7), and Defendants are liable, jointly and severally, for a civil penalty in

the amount $320,000.00, pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendants and Relief Defendants shall satisfy their payment obligations in this Final Judgment by paying the Securities and Exchange Commission pursuant to the terms of the payment schedule set forth in Section IV below.

Defendants and Relief Defendants may transmit payment electronically to the Securities and Exchange Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants and Relief Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; [Defendant's/Relief Defendant's name] as a party in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants and Relief Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Securities and Exchange Commission's counsel in this action. By making this payment, Defendants and Relief Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants or Relief Defendants.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving

for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action. Defendants and Relief Defendants shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the Fund), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' or Relief Defendants' payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants' payment of a civil penalty in this action (Penalty Offset). If the court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to

the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants or Relief Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Second Amended Complaint, R. 192, in this action.

IV.

Defendants shall pay the disgorgement, prejudgment interest, and penalty amounts against them in paragraph III above, and Relief Defendants shall pay the disgorgement and prejudgment interest amounts against them in paragraph III above, to the Commission according to the following schedule: (1) Defendants shall pay, jointly and severally, $160,000.00 of the total $320,000.00 penalty amount against them within seven (7) days of entry of this Final Judgment; (2) Defendants and Relief Defendants shall pay, jointly and severally, disgorgement and prejudgment interest of $1,280,161.76, within one (1) year of entry of this Final Judgment (except that Relief Defendant Bright Oaks Development, Inc. shall only be liable for $745,000.00 out of the total $1,172,000.00 disgorgement amount and shall only be liable for $68,754.70 out of the total $108,161.76 prejudgment interest amount); and (3) Defendants shall pay, jointly and severally, $160,000.00 of the total $320,000.00 penalty amount against them within one (1) year of entry of this Final Judgment. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days of the entry of Final Judgment. Prior to making the final payment set forth herein, Defendants and Relief Defendants shall contact the staff of the Commission for the amount due for the final payment.

If Defendants or Relief Defendants fail to make any payment by the dates agreed and/or in the amounts agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants and Relief Defendants shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the Second Amended Complaint, R. 192, are true and admitted by Defendant Kameli, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant Kameli under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant Kameli of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: January 24, 2022

_____
United States District Judge
Franklin U. Valderrama